[Civ. No. 5780. Second Appellate District, Division One.—August 20, 1927.]

VERNE C. PAVEY, Petitioner, v. THE SUPERIOR COURT OF ORANGE COUNTY, Respondent.

Verne C. Pavey, *in pro. per.*, for Petitioner.

CONREY, P. J.—The petition has been received by the court by mail from Leavenworth, Kansas, with request by letter that the court act thereon and grant the writ.

The petition shows that on December 20, 1926, an indictment was returned into the Superior Court of Orange County, charging the petitioner herein with the crime of felony, committed by wilfully, etc., escaping from the county jail of said county while imprisoned therein after conviction of a crime. Presumably the indictment was intended to charge an offense under the provisions of section 107 of the Penal Code. (*In re Haines*, 195 Cal. 605, 622 [234 Pac. 883].)

Petitioner alleges that thereafter, on March 31, 1927, he filed in said Superior Court a demurrer to said indictment; "that thereafter, on the 8th day of April, 1927, an order was made by said Superior Court of the State of California, County of Orange, by which said demurrer was placed off the calendar of said court, and the court has declined to act upon the demurrer to the great harm and prejudice of this petitioner. A true copy of the Court's order declining

to act upon said demurrer is hereto attached and made a part of this petition.'' In fact, there is no attached copy of the order, but there is a copy of a document addressed by the district attorney to the defendant under date April 8, 1927, notifying the defendant that on that day the demurrer was ''placed off the calendar of said court, the same to be restored to the calendar at time of arraignment, if you so desire.''

It is provided by the Penal Code that upon indictment for a felony the defendant must be personally present upon his arraignment before the court; that he may ''in answer to the arraignment, move to set aside, demur, or plead to the indictment or information''; that ''both the demurrer and plea must be put in, in open court, either at the time of the arraignment or at such other time as may be allowed to the defendant for that purpose.'' (Pen. Code, secs. 977, 990 and 1003.) ▇▇ According to these provisions of law, apparently it is not intended that in a felony case an absent defendant may demur to the indictment merely by causing such demurrer to be filed in the office of the clerk of the court. Or, assuming that the demurrer might be so filed, the court is not required to rule upon the demurrer until it is actually presented in open court either by the defendant personally or by counsel representing him. In this case it is apparent that the demurrer never was so presented, and that the court never has been called upon to hear or determine the same.

The petition for writ of mandate is denied.

Houser, J., and York, J., concurred.